**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE ALGARIN PABÓN,

   **Plaintiff**

       **v.**

NYDIA E. RODRIGUEZ-MARTINEZ, *et al*,

   **Defendants.**

**CIVIL NO.** 12-1203 (JAG)

**OPINION & ORDER**

Garcia-Gregory, D.J.

Pending before the Court is co-defendants Gloria Saurí ("Saurí") and Nydia E. Rodriguez-Martinez's ("Rodriguez-Martinez") Motion to Dismiss for lack of jurisdiction brought under Fed. R. Civ. P. 12(b)(1). (Docket No. 12). For the reasons given below, defendants' motion is **GRANTED**.

**BACKGROUND**

Plaintiff Jose Algarin-Pabón ("Pabón") and co-defendant Saurí were married in Carolina, Puerto Rico in 2008. The relationship started deteriorating in 2010, and by the next year the spouses had filed for divorce. The Court understands that these divorce proceedings are still underway and, though Mr.

Civil No. 12-1203 (JAG)                                          2

Pabón and Mrs. Saurí are currently estranged, they remain
married.

Plaintiff filed the present action seeking redress for
damages suffered as a result of co-defendants' allegedly
criminal actions during a meeting conducted in the offices of
plaintiff's counsel. Specifically, plaintiff avers that co-
defendants attempted to blackmail and extort plaintiff[1] into
paying an excessive sum in order to settle the divorce action.
Plaintiff claims co-defendants' criminal acts caused substantial
damage to his reputation, job position, and well-being.

Co-defendants filed the present Motion to Dismiss on June
15, 2012. Co-defendants argue that the complaint should be
dismissed because all the parties in this action are citizens of
Puerto Rico. Co-defendants maintain that complete diversity is
absent and, as a consequence, this Court lacks jurisdiction over
plaintiff's complaint. In his opposition, plaintiff vehemently
rejects the notion that he is a citizen of Puerto Rico and
instead states that he currently resides in Colombia and that
his intention is to stay in that country. As we will see below,
complete diversity is absent in both situations.

---

[1] Plaintiff asserts that co-defendants' actions are federal
crimes under 18 U.S.C. §§ 872 & 873. Plaintiff does not allege,
nor do the filings show, that co-defendants were convicted,
accused or even investigated in relation to these serious
charges.

Civil No. 12-1203 (JAG)                                              3

## STANDARD OF LAW

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. See e.g., Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When deciding whether to dismiss a complaint for lack of jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

## ANALYSIS

Plaintiff invokes the alienage provision of the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(2), as the basis for federal jurisdiction in this case. Under this statute, federal courts have jurisdiction in civil actions where the matter in

Civil No. 12-1203 (JAG)                                              4

controversy exceeds $75,000 and is between "citizens of a State
and citizens or subjects of a foreign state." Id.

     The complaint flatly states that co-defendants are both
"residents of the Island of Puerto Rico for diversity purposes."
(Docket No. 1, ¶ 2). The complaint also alleges that "plaintiff
is a resident of Medellín, Colombia." (Id. at ¶ 3). And,
according to an exhibit attached to the complaint, plaintiff is
a citizen of the United States. (See Docket No. 1-2). Under
these facts, complete diversity is lacking regardless of whether
plaintiff is domiciled in Puerto Rico or Colombia.

     In the first hypothetical, complete diversity is absent
because all the parties are domiciled in Puerto Rico. Nothing
else need be said on this point. In the second, plaintiff would
be "stateless" for diversity purposes, because he is a citizen
of the United States that is currently domiciled abroad. Thus,
plaintiff's domicile would not be in a "state" of the United
States. Additionally, he would also not qualify as a "citizen or
subject" of a foreign nation given his United States
citizenship.[2]

---

[2] As co-defendants mention, in the unlikely situation that
plaintiff has dual citizenship in the U.S. and in Colombia,
jurisdiction would likely be lacking as well. Among federal
courts, "there is an emerging consensus […] that, for a dual
national citizen, only the American citizenship is relevant for

Civil No. 12-1203 (JAG)                                                    5

        In  the  words  of  the  Supreme  Court,  Plaintiff's  "United
States  citizenship  [destroys]  complete  diversity  under  §
1332(a)(2)."  Newman-Green,  Inc.  v.  Alfonzo-Larrain,  490  U.S.
826,  829  (1989);  see  e.g.  Reyes  v.  Penoci,  202  F.Supp.  436,  436
(D.P.R.  1962)(citing  Shoemaker  v.  Malaxa,  241  F.2d  129  (2nd Cir.
1957)).  Since  plaintiff  is  unable  to  invoke  either  alienage  or
diversity  jurisdiction,  the  Court  is  without  authority  to  hear
his  claims.  Judgment  shall  therefore  be  entered  dismissing  his
case **without prejudice**.


IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 26th day of July, 2012.


                                        S/ Jay A. Garcia-Gregory
                                       JAY A. GARCIA-GREGORY
                                       United States District Judge

purposes of diversity under 28 U.S.C. § 1332." Coury v. Prot, 85
F.3d 244, 250 (5th Cir. 1996).