IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE ALGARIN PABÓN,<br><br>**Plaintiff**<br><br>v.<br><br>NYDIA E. RODRIGUEZ-MARTINEZ, *et al*,<br><br>**Defendants.** | **CIVIL NO.** 12-1203 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Pending before the Court is co-defendants Gloria Saurí ("Saurí") and Nydia E. Rodriguez-Martinez's ("Rodriguez-Martinez") Motion to Dismiss for lack of jurisdiction brought under Fed. R. Civ. P. 12(b)(1). (Docket No. 12). For the reasons given below, defendants' motion is **GRANTED**.

**BACKGROUND**

Plaintiff Jose Algarin-Pabón ("Pabón") and co-defendant Saurí were married in Carolina, Puerto Rico in 2008. The relationship started deteriorating in 2010, and by the next year the spouses had filed for divorce. The Court understands that these divorce proceedings are still underway and, though Mr.

Pabón and Mrs. Saurí are currently estranged, they remain married.

Plaintiff filed the present action seeking redress for damages suffered as a result of co-defendants' allegedly criminal actions during a meeting conducted in the offices of plaintiff's counsel. Specifically, plaintiff avers that co-defendants attempted to blackmail and extort plaintiff [1] into paying an excessive sum in order to settle the divorce action. Plaintiff claims co-defendants' criminal acts caused substantial damage to his reputation, job position, and well-being.

Co-defendants filed the present Motion to Dismiss on June 15, 2012. Co-defendants argue that the complaint should be dismissed because all the parties in this action are citizens of Puerto Rico. Co-defendants maintain that complete diversity is absent and, as a consequence, this Court lacks jurisdiction over plaintiff's complaint. In his opposition, plaintiff vehemently rejects the notion that he is a citizen of Puerto Rico and instead states that he currently resides in Colombia and that his intention is to stay in that country. As we will see below, complete diversity is absent in both situations.

---

[1] Plaintiff asserts that co-defendants' actions are federal crimes under 18 U.S.C. §§ 872 & 873. Plaintiff does not allege, nor do the filings show, that co-defendants were convicted, accused or even investigated in relation to these serious charges.

## STANDARD OF LAW

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. See e.g., Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When deciding whether to dismiss a complaint for lack of jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

## ANALYSIS

Plaintiff invokes the alienage provision of the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(2), as the basis for federal jurisdiction in this case. Under this statute, federal courts have jurisdiction in civil actions where the matter in

controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." Id.

The complaint flatly states that co-defendants are both "residents of the Island of Puerto Rico for diversity purposes." (Docket No. 1, ¶ 2). The complaint also alleges that "plaintiff is a resident of Medellín, Colombia." (Id. at ¶ 3). And, according to an exhibit attached to the complaint, plaintiff is a citizen of the United States. (See Docket No. 1-2). Under these facts, complete diversity is lacking regardless of whether plaintiff is domiciled in Puerto Rico or Colombia.

In the first hypothetical, complete diversity is absent because all the parties are domiciled in Puerto Rico. Nothing else need be said on this point. In the second, plaintiff would be "stateless" for diversity purposes, because he is a citizen of the United States that is currently domiciled abroad. Thus, plaintiff's domicile would not be in a "state" of the United States. Additionally, he would also not qualify as a "citizen or subject" of a foreign nation given his United States citizenship.[2]

---

[2] As co-defendants mention, in the unlikely situation that plaintiff has dual citizenship in the U.S. and in Colombia, jurisdiction would likely be lacking as well. Among federal courts, "there is an emerging consensus […] that, for a dual national citizen, only the American citizenship is relevant for

Civil No. 12-1203 (JAG)                                                    5

In the words of the Supreme Court, Plaintiff's "United States citizenship [destroys] complete diversity under § 1332(a)(2)." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989); see e.g. Reyes v. Penoci, 202 F.Supp. 436, 436 (D.P.R. 1962)(citing Shoemaker v. Malaxa, 241 F.2d 129 (2nd Cir. 1957)). Since plaintiff is unable to invoke either alienage or diversity jurisdiction, the Court is without authority to hear his claims. Judgment shall therefore be entered dismissing his case **without prejudice**.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of July, 2012.

                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

---

purposes of diversity under 28 U.S.C. § 1332." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996).